## W. D. ALEXANDER *v.* W. Y. BROWN.

(No. 9,263.)

1. Where a claim is asserted, and the usual evidence submitted to the clerk, to entitle a plaintiff to an order of attachment, the nature, validity, or justice of the cause of action, is not a matter of inquiry.
2. The affidavit is made at the plaintiff's peril, and the undertaking he is required to give, is the defendant's indemnity for any injury he may sustain by the procedure.
3. The defendant may deny, by affidavit, the specific acts charged by the plaintiff to entitle him to the process, as they apply solely to the remedy —not to the right of action.

GENERAL TERM.—Proceeding in error to reverse an order of the court at special term dismissing an attachment.

The question involved is the sufficiency of an affidavit to authorize an order of attachment, under the code.

The affidavit is as follows: "Plaintiff says that the claim herein, against the defendant, W. D. Alexander, is founded on the notes set forth in the petition, and also upon the currency of the Bank of Tokama, amounting to $17,500, held by the affiant, as stated in his petition, and the liability of said currency, incurred by said Alexander, as one of the stockholders of said bank. Affiant further states his claim is just, and he believes he ought to recover from the defendant $21,000 with interest, from June 10, 1858; he further says, that Alexander is a non-resident of the State of Ohio, and a number of persons, who are named as garnishees, have property of his in their possession."

By the petition, referred to in the affidavit, it is alleged that the territorial legislature of Nebraska, in the year 1857, chartered an institution to be established in Burt county, by the name of 'The Bank of Tokama;' that, by the terms of- the act of the incorporation, the stockholders of the bank were made personally liable for the full amount of the *issues or currency of the directors, i. e. bills:* that the defendant is one

of the stockholders. The bank has failed, and become entirely insolvent, owing the plaintiff $13,877, evidenced by six notes of hand, signed by the president, of the following purport:

$2,100                              St. Louis, Mo., April 28, 1858.

Forty days after date we promise to pay to the order of Mr. Henry Brown $2,100, for value received, payable at the Franklin Bank, Cincinnati, Ohio.

(Signed)                              S. S. CAMPBELL,
                                      Pres't. Bank of Tokama.

It is further alleged, that these notes are unpaid, and the plaintiff holds as collateral security for their payment $17-500 of the bills issued by the bank, which were deposited with him, by its officers. He, therefore, asks judgment against defendant, on the ground of his liability, as stockholder, to pay the debts of the bank.

*Smith & Lowe,* for plaintiff in error.

*Lee & Fisher,* for defendant in error.

STORER, J., delivered the opinion of the court.

Several objections have been made as to the sufficiency of the affidavit, which in our opinion, should more properly be urged on the trial of the action. We suppose the right to sue, the morality or immorality of the claim, the adequacy of the consideration, in fact, the entire cause of action, are subjects for inquiry in another stage of the proceedings, and can not, with any propriety, be considered on a motion to discharge an order of attachment. If we were permitted in this summary way to inquire into the merits of the controversy, we should forestall all future action, and virtually deprive the plaintiff of a full investigation of his right. This rule is but the ordinary course pursued by all courts, when motions are made to quash a writ, or to set aside a

W. D. Alexander *v.* W. Y. Brown.

process, not authorized by law, or which was improvidentially issued.

Where a claim is asserted, and the usual evidence submitted to the clerk to entitle a plaintiff to his order of attachment, or of arrest, or for the recovery of personal property, the nature, validity or justice of the cause of action, is not a matter of inquiry : all that can be demanded is the ordinary proof of indebtedness, by the defendant, his fraudulent conduct, or unlawful detention of the property. The affidavit is made at the plaintiff's peril; and the undertaking he is required to give, is the defendant's indemnity for any injury he may sustain by the procedure.

This view of the case disposes of the objection, that the bank was not legally incorporated; and the territorial legislature which granted the charter had no power to grant such a franchise. It is asserted in general terms, the grant was made, and until the contrary is proved, we must presume such is the fact. To permit, then, an issue to be made, in this stage of the cause, to test the validity of the charter, would result in a trial in advance, before any plea or answer setting up a defense is filed; compelling us meanwhile to take judicial notice of what are called territorial statutes, which we would not permit in ordinary cases, unless specially pleaded and proved as ordinary facts.

The same remark will apply to the objection taken to the liability of the bank, upon the note made by the president, copies of which are exhibited with the petition. Whether the signature of that officer is genuine, or whether he was empowered to enter into the contract, or whether its form or execution is such as is required by law, are questions not now before us, and were very properly disregarded by the judge at special term.

If we should suppose the corporation referred to was not legally created, it does not follow that those who were instrumental in bringing it into life—its stockholders and officers—are not still responsible for its issues. When we find such a state of things to exist, the pretended corporators

have been regarded as partners, or joint stockholders, liable, individually, to fulfill what the corporate body would have been compelled to do if it had a legal existence.

The argument of the defendant's counsel, therefore, could not be sustained, if the hypothesis he has urged be true.

We do not discover any error in the ruling at special term upon the general sufficiency of the affidavit. It states an indebtedness, and the amount actually due by the defendant; his non-residence, also, is averred, and the usual formalities, required by the code, are pursued.

The defendant, in every case where an order of attachment has issued, may deny by affidavit, the specific acts charged by the plaintiff, to entitle him to the process. If fraud is alleged, he may contradict it, and so of non-residence, as these apply solely to the remedy, not to the right of action. Here no exception is taken to the affidavit upon any such ground. If any exists in reality, it is, as we have already said, such as can only be determined on the final hearing of the cause.

Judgment affirmed.